```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division
```

```
_____
                                      )
DANIEL J. MERENSTEIN, M.D.,           )
                                      )
          Plaintiff,                  )
                                      )
v.                                    )  Civil Action No. 04-0139
                                      )
ST. PAUL FIRE AND MARINE INSURANCE    )
COMPANY,                              )
                                      )
          Defendant,                  )
_____)
```

## MEMORANDUM OPINION

This matter comes before the Court on Defendant's Motion for Summary Judgment. Plaintiff brought this case against Defendant alleging actual fraud and breach of duty of good faith. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (2000) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Plaintiff is a physician. Plaintiff treated a patient, Rulan Luo, at the Critical Care Unit at INOVA Fairfax Hospital on February 28, 2001. Luo died a few hours after coming under Plaintiff's care. Luo's legal representative filed a medical malpractice action against Plaintiff and others.

Defendant is an insurance company that provided Plaintiff with professional malpractice insurance. Defendant defended

Plaintiff against the underlying action and settled it on Plaintiff's behalf in March 2003.  Plaintiff agreed to the settlement before Defendant tendered it to the opposing side.  Pursuant to the insurance contract, Defendant had full authority to settle a claim on its own without consulting Plaintiff.  The contractual provision on point states: "[W]e'll [Defendant] defend any suit brought against you [Plaintiff] for damages covered under this agreement.  We'll do this even if the suit is groundless or fraudulent.  We have the right to investigate, negotiate and settle any suit or claim if we think that's appropriate."  (Def.'s Mot. for Summ. J., Ex. C 14).

Plaintiff brought this action against Defendant to recover damages based on the settlement in 2004.  This Court granted Defendant's Motion to Dismiss the action for failure to state a claim in 2004.  However, the Fourth Circuit Court of Appeals reversed this Court's decision in 2005 and allowed Plaintiff to progress past the pleading stages.

A court should grant summary judgment when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56.  A court must regard the evidence in the light  most favorable to the nonmoving party. Seabulk Offshore, Ltd. v. Am. Home Assurance Co., 377 F.3d 408, 418 (4th Cir. 2004).  Once a summary judgment motion is properly made and supported, the opposing party has the

burden of showing that a genuine dispute exists.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986).  There are no material facts in dispute, and this case is ripe for summary judgment.

Plaintiff's fraud claim fails because Defendant had the absolute right to settle with or without Plaintiff's consent so there was no damage.  "The elements of fraud under Virginia law are (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled."  <u>Secureinfo Corp. v. Telos Corp.</u>, 387 F. Supp. 2d 593, 616 (E.D. Va. 2005) (quoting <u>Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.</u>, 507 S.E.2d 344, 346-47, 256 Va. 553, 557-58 (Va. 1998).  "No damage is alleged where the position of the complaining party is no worse than it would have been had the alleged fraud not been committed."  <u>Id.</u> (citing <u>Murray v. Hadid</u>, 238 Va. 722, 731, 385 S.E.2d 898, 904 (Va. 1989).  Plaintiff's fraud claim relies on his theory that Defendant misrepresented some material facts when it induced him to settle.  However, Defendant had the contractual right to settle without Plaintiff's consent, so anything that it told Plaintiff to induce his consent has no bearing on the settlement.  If Defendant had said nothing to Plaintiff and simply settled the case without his consent, the exact same outcome would have occurred.  Therefore, Plaintiff's

3

fraud claim fails because, even if fraud occurred, he was not damaged by it.

Even if Plaintiff could show some damage, he fails to satisfy the other elements of a fraud claim.  Plaintiff did not show that Defendant's representative, Bill Rigsbee, made a false representation about Plaintiff's future ability to receive medical malpractice insurance.  In fact, it appears that insurance companies did give quotes for policies to Plaintiff after the settlement.  Furthermore, Plaintiff did not show that, even if Rigsbee did make a false statement, he did so knowingly with the intent to mislead Plaintiff.  Finally, Plaintiff did not show that he reasonably and justifiably relied on any statements made by Rigsbee.  In fact, the evidence tends to show that Rigsbee was an adjuster and was not familiar with the selling or pricing of insurance policies.  Thus, Plaintiff could not have reasonably relied on any statements Rigsbee made concerning Plaintiff's purchase of policies from other insurance companies.

Plaintiff's claim for breach of duty of good faith fails because Defendant settled the underlying case within the policy limits and was justified in doing so based on the facts of the underlying case.  An insurance company's decision to settle is made in good faith if that settlement is within the policy limits and the evidence points to a substantial risk of losing at trial. Gardner v. Aetna Casualty & Surety Co., 841 F.2d 82, 85-86 (4th

Cir. 1988).  Defendant had credible expert witnesses who would provide evidence that Plaintiff would have a large verdict returned against him if he had taken the underlying action to trial.  Plaintiff would have to show that he had a likelihood of prevailing in the underlying trial in order to show that the settlement proximately caused him any damages.  However, Plaintiff did not provide any evidence that he would have prevailed had the underlying case proceeded to trial.  Based on this evidence and the undisputed fact that the settlement was well within the policy limits, this Court finds that Defendant did not breach the duty of good faith in its dealings with Plaintiff.

    For these reasons, the Court finds that summary judgment should be granted for Defendant, and this case should be dismissed.  An appropriate Order shall issue.

                                                        /s/
                                    _____
                                    CLAUDE M. HILTON
                                    UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
March 28, 2006